# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

___

| | |
|---|---|
| ALAN JONES, | ) |
| | ) |
|        Plaintiff, | ) |
| v. | )    No. 08-2191-STA-tmp |
| | ) |
| FMSC LEASEHOLD, LLC, | ) |
| | ) |
|        Defendant. | ) |

___

## ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
___

Before the Court is Plaintiff Alan Jones' Motion for Partial Summary Judgment (D.E. # 22) filed on April 23, 2009. Defendant filed a response in opposition (D.E. # 32) on May 26, 2009. For the reasons set forth below, the Motion is **GRANTED**.

### BACKGROUND

Plaintiff seeks overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff was employed at High Pointe Health and Rehabilitation Center ("the facility") from June 19, 2005 to February 5, 2008. Pl.'s Statement of Undisputed Facts ¶ 1. Starting in November 2005 and continuing until his employment ended, Plaintiff served as Maintenance Director at the facility. *Id*. at ¶ 2. Plaintiff avers that he had only one assistant reporting to him during that time, and Sanford Mann, the administrator of the facility, verified

1

that Plaintiff had only one assistant during the time Mann worked at the facility from June 2007 to January 2008. *Id*. at ¶ 3; *see* Jones Aff. ¶ 3. and Mann Aff. ¶¶ 3-4. Plaintiff contends that his primary job duty as Maintenance Director was manual labor performing general maintenance tasks at the facility. Pl.'s Statement of Undisputed Facts ¶ 4. Plaintiff received a salary and was not compensated by the hour. *Id*. at ¶ 5. During weeks in which he worked more than forty (40) hours, Plaintiff was not paid one and one-half (1.5) times his regular rate of pay. *Id*. at ¶ 6. Plaintiff argues that Defendant cannot demonstrate that Plaintiff was an exempt employee for purposes of overtime pay as defined under the FLSA and its regulations. Therefore, Plaintiff is entitled to overtime pay and seeks summary judgment on the issue of liability alone.

Defendant has responded in opposition. First, Defendant has filed its own separate statement of facts.[1] Defendant states that Plaintiff was actually Maintenance Director at the facility since starting to work there in June 2005. Def.'s Statement of Facts ¶ 1. As a legal entity, Defendant was a holding company for another entity known as FSMS Memphis Operating Company, LLC ("the operating company"), which was the licensed operator of the facility. *Id*. at ¶ 2. Plaintiff's job title was Director of Maintenance/Plant Manager at the facility, and Plaintiff received an annual salary of $34,000.00. *Id*. at ¶ 3. According to

---

[1] This practice is disfavored because it technically does not comply with Local Rule 7.2(d)(3), which states

> In addition to citing appropriate legal authorities, the opponent of a motion for summary judgment who disputes any of the material facts upon which the proponent has relied pursuant to subsection (2) above shall respond to the proponent's numbered designations, using the corresponding serial numbering, both in the response and by attaching to the response the precise portions of the record relied upon to evidence the opponent's contention that the proponent's designated material facts are at issue.

Defendant, Plaintiff's primary duty was to manage the maintenance department, which meant that Plaintiff had authority to hire employees and direct and supervise the work of his assistants. *Id*. at ¶ 4. Plaintiff further had the autonomy to establish his own work schedule, oversee outside contractors, and maintain a "spend down" sheet for the maintenance department's monthly budget. *Id*. at ¶ 5. Plaintiff regularly directed the work of two or more other employees. *Id*. at ¶ 7. Finally, Plaintiff had the authority to hire or fire certain employees, or his suggestions and recommendations as to hiring, firing, advancement, promotion or any change of status were given particular weight. *Id*. at ¶ 8. Defendant argues that the operating company was Plaintiff's actual employer, not Defendant. Defendant further contends that Plaintiff was an exempt employee as defined in the FLSA. Plaintiff's primary duty was management of maintenance at the facility where he directed his assistants and had input on personnel decisions. Defendant argues that it has created a genuine dispute of material fact concerning Plaintiff's primary duties and the amount of time Plaintiff spent carrying out non-exempt duties making summary judgment improper. Finally, Defendant insists that Plaintiff had two subordinates and states that there is a genuine issue of material fact with regard to how many employees Plaintiff's supervised. For these reasons Defendant argues that Plaintiff's Motion should be denied.

## STANDARD OF REVIEW

Fed. R. Civ. P. 56(d)(2) states, "An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages." Federal Rule of Civil Procedure 56(c) provides that a

> judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[2]

In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party.[3] When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."[4] It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."[5] These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.[6] When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-side that one party must prevail as a matter of law."[7]

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that

---

[2] Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).

[3] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[4] *Celotex*, 477 U.S. at 324.

[5] *Matsushita*, 475 U.S. at 586.

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[7] *Id.* at 251-52 (1989).

4

party will bear the burden of proof at trial."[8]  In this Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [her] asserted causes of action."[9]  Finally, the "judge may not make credibility determinations or weigh the evidence."[10]  Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."[11]

## ANALYSIS

Defendant bears the burden to establish that Plaintiff is an exempt employee in order to establish its affirmative defense.  The Court concludes that even viewing the evidence in the light most favorable to Defendant as the non-moving party, Defendant has failed to adduce evidence from which a reasonable juror could find that Defendant has established this affirmative defense.  Therefore, Plaintiff's Motion must be granted.

### I.   *Plaintiff's Employer*

Defendant first argues that it was simply a holding company and never employed Plaintiff.  Plaintiff worked at the facility, which was operated by the operating company for which Defendant was the holding company.  In support Defendant points out that the operating company held the license from the state of Tennessee to operate the facility.  However,

---

[8] *Celotex*, 477 U.S. at 322.

[9] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

[10] *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

[11] Fed. R. Civ. P. 56(c); *see also Celotex*, 477 U.S. at 322 (1986).

Defendant acknowledges that it prepared the W-2 form for Sanford Mann, the administrator of the facility during part of Plaintiff's tenure there. In that form Defendant identified itself as Mann's employer. Defendant dismisses this fact by stating that it prepared the W-2 "for accounting reasons only." Defendant only acted as the holding company for the operating company and was never Plaintiff's employer. Therefore, Plaintiff was employed by the operating company, not Defendant, and Plaintiff cannot state a claim against Defendant.

The Court finds this reasoning unpersuasive. The National Fair Labor Standards Act defines an "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee."[12] An "employee is simply "any individual employed by an employer."[13] The Supreme Court has stated that FLSA definitions should not be "interpreted or applied in a narrow, grudging manner"[14] but with "great breadth and generality" in order to accomplish the remedial goals of the law.[15] In light of these principles, the Court finds that Plaintiff was Defendant's employee as defined in the FLSA. Defendant has admitted that it prepared the W-2 on behalf of Mann, an employee at the facility, and yet argued that Mann like Plaintiff was actually employed by the operating company, not Defendant. Still Defendant identified itself in the W-2 as Mann's employer. This alone is persuasive enough to conclude

---

[12] 29 U.S.C.A. § 203(d).

[13] 29 U.S.C.A. § 203(e).

[14] *Tennessee Coal Co. v. Muscoda Local*, 321 U.S. 590, 597, 64 S.Ct. 698, 703, 88 L.Ed. 949 (1944).

[15] *Dunlop v. Carriage Carpet Co.*, 548 F.2d 139, 143 (6th Cir. 1977) (citing *United States v. Rosenwasser*, 323 U.S. 360, 363 n. 3, 65 S.Ct. 295, 296, 89 L.Ed. 301 (1945) (the term "employee" had been given "the broadest definition that has ever been included in any one act")).

that Defendant was an "employer" as that term is defined in the FLSA of the personnel working at the facility including Plaintiff. Defendant also denies that it was Plaintiff's employer by arguing that the operating company actually conducted the daily business of the facility. Plaintiff has cited no authority for making such a distinction between an owner and an operator in the context of the FLSA. Indeed the terms "employee" and "employer" are not limited to their common law construction when applied in the FLSA.[16] The Court holds that such a distinction between a holding company and an operating company is overly narrow and rigid and otherwise inconsistent with the FLSA's broadly interpreted definitions and liberal remedial policies. Therefore, the Court finds that Plaintiff was an employee of the Defendant.

## II. Plaintiff's Exempt Status

In this case Defendant does not deny that it failed to pay overtime wages to Plaintiff. Instead Defendant contends that Plaintiff was exempt from the overtime pay requirements because he was a "bona fide executive" under 29 U.S.C. § 213(a)(1). FLSA overtime exemptions are an "affirmative defense on which the employer has the burden of proof."[17] The exemptions including the overtime exemption "are to be narrowly construed against the employers seeking to assert them."[18] The defendant-employer must satisfy "every requirement

---

[16] *Rutherford Food Corp v. McComb*, 331 U.S. 722, 67 S.Ct. 1473, 91 L.Ed. 1772 (1947).

[17] *Corning Glass Works v. Brennan,* 417 U.S. 188, 196-97, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974).

[18] *Arnold v. Ben Kanowsky, Inc.,* 361 U.S. 388, 392, 80 S.Ct. 453, 4 L.Ed.2d 393 (1960).

of an exemption" by "clear and affirmative evidence."[19] In other words, the employer must establish the requirements of the exemption by a preponderance of the evidence.[20]

The regulations implementing the FLSA define the term "employee employed in a bona fide executive capacity" to mean an employee who is (1) compensated on a salary basis at a rate of not less than $455 per week, exclusive of board, lodging or other facilities; (2) whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof; (3) who customarily and regularly directs the work of two or more other employees; and (4) who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.[21]

Here Defendant bears the burden to establish each element of this exemption by a preponderance of the evidence. The first element is easily satisfied in this case. It is undisputed that Plaintiff's annual salary exceeded $34,000.00, or approximately $653.85 per week. However, Defendant has failed to adduce sufficient evidence from which a reasonable juror could conclude that Defendant has established the second and third elements of its affirmative defense.

---

[19] *Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 502 (6th Cir. 2007).

[20] *Id*. The Sixth Circuit has further explained that the employer's "burden applies to every *element* of the exemption, not every factor under every element.... [The employer] needs to carry its burden only on the [] element as a whole, not on each individual factor relevant to that inquiry." *Id*. at 505 n.6.

[21] 29 C.F.R. § 541.100.

*A.* *"Primary Duty"*

The Court holds that Defendant has failed to carry its burden as to the second element, whether Plaintiff's primary duty was management. Defendant argues that Plaintiff held the title "Maintenance Director" at the facility and his primary duty was to manage the maintenance department and the assistants who reported to him. According to Defendant, Plaintiff had input on the hiring, firing, promotion and assignment of his assistants and was able to set his own work schedule. Plaintiff disputes that he ever had actual managerial duties and argues that his duties were limited to only maintenance tasks.

Rather than rely on a job description or an employee's job title, the Court must analyze an employee's "actual duties" in light of the factors set forth and defined in the Department of Labor regulations.[22] With respect to this second element of the exemption, Defendant must prove that Plaintiff's primary duty was "management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof." The regulations implementing the FLSA define "management" to include

> activities such as interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and

---

[22] *Thomas*, 506 F.3d at 503.

9


monitoring or implementing legal compliance measures.[23]

The phrase "a customarily recognized department or subdivision" indicates "a unit with permanent status and ... a continuing function."[24]  Furthermore, "[c]ontinuity of the same subordinate personnel is not essential to the existence of a recognized unit with a continuing function."[25]

Perhaps most importantly, the Court must determine that management was the employee's primary duty in order for the exemption to apply.  A "primary duty" means "the principal, main, major or most important duty that the employee performs."[26]  In analyzing the employee's primary duty, the Court must look to "all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole."[27]  "The amount of time spent performing exempt work can be a useful guide in determining whether exempt work is the primary duty of an employee."[28]  "Time alone, however, is not the sole test, and nothing in this section requires that exempt employees spend more than 50 percent of their time performing exempt work."[29]  The regulations provide the following factors to consider in analyzing the employee's primary duty: (1) the relative importance of the exempt duties as compared with

---

[23] 29 C.F.R. § 541.102.

[24] 29 C.F.R. § 541.103(a).

[25] 29 C.F.R. § 541.103(d).

[26] 29 C.F.R. § 541.700(a).

[27] *Id*.

[28] *Id*.

[29] *Id*.

other types of duties; (2) the amount of time spent performing exempt work; (3) the employee's relative freedom from direct supervision; and (4) the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.[30]

Based on the record before the Court, Defendant has failed to adduce evidence from which a reasonable juror could conclude that Plaintiff's primary duty was management. In his affidavit Plaintiff has stated that his primary job duties were as follows:

> manual labor such as replacing lights, replacing receptacles, cutting the lawn, law (sic) maintenance, cleaning and servicing heating and air units, minor plumbing, painting, carpeting, tiling floors, minor pipe replacement, some small motor repair, and other preventive maintenance including record keeping and documentation.[31]

In response, Defendant has produced very little evidence that would bear on any of the four factors set forth in the regulations. Defendant has made no showing that Plaintiff's exempt duties were relatively more important or valuable to the operation of the facility.[32] Defendant has not demonstrated the amount of time Plaintiff spent performing exempt work or the scope of discretion Plaintiff was granted in performing that work.[33] Defendant has presented no evidence

---

[30] *Id*.

[31] Jones Aff. ¶ 4.

[32] *Thomas*, 506 F.3d at 505-06 (finding that employee's managerial duties were "more important to [the employer's] success than her non-managerial duties") (citing *Baldwin v. Trailer Inns, Inc.,* 266 F.3d 1104, 1114-15 (9th Cir. 2001) (employees' "principal value to [employer] was directing the day-to-day operations of the park even though [employees] performed a substantial amount of manual labor").

[33] *Thomas*, 506 F.3d at 507 ("The plain language of this factor instructs courts to focus merely on the prevalence or regularity of the plaintiff's discretionary decisions, but we note that the employee's exercise of discretion over matters of importance strengthens the employer's

11

concerning Plaintiff's relative freedom from direct supervision other than to state Defendant could set his own schedule.[34] Defendant has failed to provide evidence about wages paid to other employees including employees Plaintiff allegedly supervised for the same kind of nonexempt work performed by Plaintiff. As a result, Defendant has provided very little from which a reasonable juror could find that this element is satisfied.

Defendant has proffered a job description for Plaintiff's position. However, there is no corroborating evidence that the duties listed in the five-page job description were the actual duties carried out by Plaintiff. Defendant has failed to show, for example, that Plaintiff actually performed "personnel functions including interviewing prospective staff [and] conducting performance evaluations that assure staff can perform essential functions of their job" or "monitor[ed] staff for compliance with OSHA mandates on workplace safety" or "hire[d] and retain[ed] qualified staff."[35] Defendant has also proffered an affidavit from its regional HR director in which she avers that Plaintiff himself hired two maintenance tech assistants: Ervin Jones on November 4, 2005 and Kevin Wilson on November 7, 2005. Plaintiff grants that he was a permitted a single assistant from November 2005 through January 2008. Other than the affidavit of the HR director, though, there is no other evidence that Plaintiff ever made any personnel decisions consistent with actual managerial duties. There is no evidence of Plaintiff hiring additional staff, disciplining his subordinates, setting their schedules, conducting

---

showing under the second factor").

[34] *Id*. ("*relative* freedom from supervision"... does not demand complete freedom from supervision, such that [the employee] is answerable to no one").

[35] Aff. Alicia Dietrich, ex. B.

performance reviews, completing disciplinary actions or commendations for them, or recommending raises. Any of these facts would go to demonstrate that Plaintiff's actual primary duties were managerial. Having failed to meet its burden as to this element, the Court concludes that Defendant is not entitled to the affirmative defense that Plaintiff was an exempt employee.

### B.     *Two or More Other Employees*

Even if the second element had been met, the Court concludes that Defendant has not demonstrated the third element, that Plaintiff "customarily and regularly direct[ed] the work of two or more other employees." Under the regulations, "two or more other employees" means "two full-time employees or their equivalent," where two half-time employees are the equivalent of one full-time employee.[36] Even construing the single affidavit in the light most favorable to Defendant, Defendant has failed to adduce sufficient evidence to establish that Plaintiff supervised two full-time assistants "customarily and regularly" during the period at issue in this case. Mann, the administrator of the facility from June 2007 through January 2008, has averred that Plaintiff "typically" did not supervise two or more employees. Plaintiff has admitted that he had an assistant to perform maintenance duties from November 2005 through January 2008; whereas, Defendant's director of HR has stated that Plaintiff hired two assistants in November 2005. However, Defendant has failed to show that both assistants were full-time employees as is required by the regulation. Furthermore, Defendant has not shown that both of these assistants remained employed under Plaintiff's supervision "regularly" for the period for which Plaintiff is

---

[36] 29 C.F.R. § 541.104(a).

claiming overtime wages.  Defendant has produced no evidence concerning their work schedules, wages, or length of tenure.  Not only does Defendant bear the burden to make this showing, but as the employer, Defendant is in a better position to produce evidence about employees managed and supervised by Plaintiff.  Therefore, the Court finds that Defendant has failed to establish that Plaintiff is an exempt employee.

## **CONCLUSION**

The Court holds that Defendant has not met its burden to adduce evidence from which a reasonable juror could find that Plaintiff was an exempt employee.  Therefore, Plaintiff's Motion for Partial Summary Judgment on the issue of liability is **GRANTED**.

**IT IS SO ORDERED.**

                                          **s/ S. Thomas Anderson**
                                          S. THOMAS ANDERSON
                                          UNITED STATES DISTRICT JUDGE

                                          Date: June 12th, 2009.